Susannah Rich v. Franklin H. French and Charles P. Rodgers.

*Exemptions—Waiver—Evidence.*

A written consent by a debtor to the public or private sale in bulk of his entire stock of goods on several executions under which it is held, and the application of the proceeds, less the costs of the sale, in liquidation *pro rata* of the debts of the several plaintiffs, is evidence of a waiver by the debtor of .his statutory exemption, unless contradicted or qualified by legitimate evidence tending to break its force.

Error to Montcalm. (Smith, J.) Submitted on briefs January 4, 1894. Decided February 12, 1894.

Trover. Defendants bring error. Reversed. The facts are stated in the opinion.

*Ellsworth & Rarden,* for appellants.

*N. O. Griswold* and *W. E. Hoyt,* for plaintiff.

HOOKER, J. The defendants levied upon a stock of millinery goods belonging to the plaintiff, and advertised them for sale. No opportunity was offered the plaintiff to select exemptions, and her right to any exemption was denied by counsel for the judgment creditors. He spoke to the plaintiff on one occasion about making an arrangement with a view to getting the most possible out of the

goods, but she refused to talk with him, and referred him to Mr. Hoyt, her attorney.    There is testimony that Hoyt had not been employed by her in relation to this matter, but he was her attorney in other matters, and interested himself about this, as will appear.    The testimony in relation to the conversation mentioned is not disputed, and Mr. Rarden called upon Mr Hoyt in relation to the matter, and it was arranged between them upon the day set for the sale that the goods might be sold in bulk, and Hoyt procured plaintiff's signature to the following writing,. and delivered the same to Rarden:

"GREENVILLE, Jan. 30, 1891.

"I hereby consent to the sale in bulk of my entire stock of millinery goods, now in charge of Officers French and Rodgers on various executions, for the sum of seven hundred and fifty dollars; the proceeds of such sale, less the cost, to be applied to the liquidation of the said executions, as the rights of the several claimants may appear, so far as the said sum shall go for that purpose; such sale to be private or public, as the parties in interest shall elect.                            SUSANNAH RICH."

The goods were thereupon sold in bulk, at public sale, for $765, to one William Backus.    Subsequently Hoyt's firm brought this action of trover against the officers, French and Rodgers, for $250, claimed as exemptions, to which Mrs. Rich is said to be entitled.    The circuit judge allowed the jury to render a verdict for the plaintiff, and error is assigned upon his refusal to direct a verdict for the defendants.    The appellants contend:

1. That this instrument, upon its face, is a waiver of the right to exemptions.

2. That parol evidence is not admissible to vary it.

3. That there is no evidence tending to show that it was not the plaintiff's intention to waive exemptions.

There is room for a suspicion that the plaintiff's consent was given with a view to the purchase of the property in her interest, and that this plan was carried out.    The

uncontradicted evidence shows that, at the request of Hoyt, Rarden allowed the impression to get out—if he did not announce at the time of the sale—that there was a question about exemptions, and this was done by reason of Hoyt's fear that the goods would go for more than $750, which they in fact did, bringing $765. Again, while the plaintiff stated that she "was not at all concerned in the purchase of the goods at that sale," this record does not show that she understood that she had a right to exemptions, or that she did not intend to permit their sale by the writing. But we cannot say that all of the evidence is returned, and the brief for counsel for the appellee asserts that it is not; hence we cannot say that there was no evidence tending to prove the claim made on her behalf.

For the same reason we cannot say that the court erred in not holding the writing conclusive of her right, unless we can also say that it was not open to explanation by the surrounding circumstances. The writing, upon its face, is a clear waiver of exemptions; and, unless qualified by evidence tending to show a contrary intention, the judge should have so told the jury. Instead, he said that her consent to a sale of her exemptions was to be determined from the paper and all the other evidence bearing upon the question. If there was evidence that this instrument was procured by deception or fraud, such instruction was clearly right. We find none in the record, but cannot say that there was none; the rule being that it will be presumed that there was evidence to warrant a charge unless the contrary is shown.

But we think he was not warranted in giving the instruction asked by plaintiff's counsel, viz.:

"Mr. Blanchard: I ask the court to charge the jury if they find the facts in this case that the officer made that sale under and by virtue of a levy on an execution, and was acting under the advice and direction of the

attorneys for the plaintiff in that execution, and by so doing they also find that Mrs. Rich executed this paper simply for the purpose of facilitating the sale for the benefit of the creditors and securing the largest amount, and in her mind having no reference to exemptions, they could find for the plaintiff.

"*The Court:* If you will add, 'And it was so understood by Mr. French,' it is law.

"*By Mr. Blanchard:* I consent that those words be added."

This left the jury to infer that the writing was under no circumstances to be considered a waiver, unless they should find the presence of an intention to waive her exemptions by evidence outside of the instrument. They should at least have been given to understand that this writing was evidence of a waiver unless contradicted or qualified by legitimate evidence tending to break its force.

For this error the judgment will be reversed, and a new trial ordered.

The other Justices concurred.